Battle, J.
The jurisdiction of the Court of Equity in cases of the bind before us, is undoubted. u But the mere poverty of the executor does not authorize the court against the will of the testator,-to remove him by putting a receiver in his place. There must be in addition some maladministration, or some danger 'of loss from the misconduct or negligence of the executor, for which he will not be able to answer by reason of his insolvency. That That seems'to.be the well settled rule.” ’ Eairbairn vs. Fisher, 4 Jones Eq. 890. Hence, where the condition of the executor in property or credit, has not been changed for the worse since the making of the will and the death of the testator, the court will not interfere. Such, it is contended by the counsel for the defendant Harries, is the case with him. ■ He admits in his answer that at the death of Ms father he had been “ unlucky in business” and was embarrassed with debt, but he alleges that this .circumstance was well known to his father when he appointed him one of his executors, and he avers that his pecuniary condition has somewhat improved since, then. If it were true that the full extent of. his indebtedness was known to bis*testator at the time when he appointed him an execu-toa, and also true that his pecuniary embarrassments had not increased since, then the court would not be authorized to remove him, nor to interfere with his management of the estate. But is that true ? "We think not. The bill charges that the defendant Harriss, had., in .the lifetime of *43 the testator been appointed guardian of one Joseph White-side, a lunatic, and as'such had-given a bond to which' the testator was one of the sureties, and that since the testator’s death, it had been ascertained by a committee of the County Court by which the appointment had been made, that he was indebted to his ward in the sum of ten thousand dollars. ’ This allegation is admitted in .the answer, yet the defendant does not say that he has the assets of his ward in his hands ready to be accounted for, or that he has funds Of his own wherewith to pay oil the debt. He states only that there were good sureties besides his father, to. the guardian bond. The plain inferenee from these admissions and state.mants is, that he had wasted or mis-appliéd the effects of his ward, and was unabled to make good his default. • This very bad condition of hia affairs does not seem to have been known to his. father, and having come to light since the "testator’s death, fully justified the court below in refusing to dissolve the injunction, from ■ which the appeal was taken. As the case comes before us upon an appeal from an interlocutory order, and as we do not discover any error in that order, we can only affirm' it, and send á certificate to that; effect to the court where the cause is still -pending. Any motions for a change of the order made in the court below, must be addressed to that